IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Aug 23 2023
U.S. DISTRICT COURT
Northern District of WV

**DIANA MEY,**

    **PLAINTIFF PRO-SE,**

                                                                 **5:23-CV-281 (Bailey/Mazzone)**

**V.**                                        **CIVIL ACTION NO. _____**

**LIBERTY HOME GUARD, LLC,**

    **DEFENDANT.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Liberty Home Guard, LLC ("Liberty Home") hereby removes this civil action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, Liberty Home states as follows:

**I.    NATURE OF REMOVED ACTION**

1.    The removed case is a civil action filed on July 14, 2023, in the Circuit Court of Ohio County, West Virginia, assigned Civil Action No. CC-35-2023-C-105 and captioned as *Diana Mey v Liberty Home Guard, LLC*. In accordance with 28 U.S.C. § 1446(a), a copy of the Civil Case Information Statement, Summons and Complaint are attached hereto as "**Exhibit A**." The Summons and Complaint are the only process, pleadings, and/or orders served upon Liberty Home to date. A copy of the State Court's docket is attached hereto as "**Exhibit B**."

**II.    TIMELINESS OF REMOVAL**

2.    Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

or proceeding is based." The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and required the defendant to appear. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Id*. at 391-394.

3. Here, service was alleged to have been effectuated upon the West Virginia Secretary of State on July 24, 2023, by certified mail.[1]

4. Thus, notice of removal is timely.

**III. VENUE**

5. Venue for this removal action is proper pursuant to 28 U. S.C. §1441(a) because the Circuit Court of Ohio County is located within the Northern District of West Virginia, Wheeling Division.

**IV. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

6. In Count I of her Complaint, the Plaintiff advances a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*. [*See* Ex. A, *Compl*. ¶¶34-41]

7. Pursuant to 28 U.S.C. §1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this Court has original jurisdiction over Plaintiffs claims in Count IV. Indeed, Where federal law creates the right of action, the claim arises under the laws of the United States for purposes of 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA

---

[1] Liberty Home reserves the right to challenge service via the West Virginia Secretary of State.

and thus defendants may remove TCPA actions to federal court); *see also Bailey v. SLM Corp.*, 2012 WL 1598059, *5 (S.D.W.Va. May 7, 2012) ("Therefore, upon consideration of the holding in *Mims*, this Court finds that Defendants' removal is proper, in its invocation of federal question jurisdiction, pursuant to 28 USC § 1331, over Plaintiff's TCPA clam.").

8. Since Plaintiff's Count I arises expressly under federal law, *i.e.*, the TCPA, this Court has original jurisdiction over such claim.

V. **SUPPLEMENTAL JURISDICTION**

9. Plaintiff's Complaint alleges an additional count that arises under West Virginia law.

10. In Count II of her Complaint, Plaintiff advances a claim for violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA") – Abusive Acts or Practices, W.Va. Code § 46A-6F, *et seq*. [*See* Ex. A, Compl. ¶¶ 42-53].

11. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's claim in Count II because such claim is related to her claim in Count I over which the Court has original jurisdiction. Indeed, Plaintiff's claims in Count I and Count II concern the same alleged unsolicited telemarketing calls and text messages that she purportedly received from Liberty Home; thus, they form part of the same case or controversy. *See e.g.*, *Shaffer v. HSBC Bank Nevada, Nat. Ass'n*, 2013 WL 209483, at *1 (S.D.W. Va. Jan. 17, 2013) (exercising supplemental jurisdiction over Plaintiffs' claims arising under West Virginia Consumer Credit Protection Act, and original jurisdiction over plaintiff's TCPA claim).

12. Therefore, this Court has supplemental jurisdiction over Plaintiff's claim for violation of the WVCCPA.

V.     **ADDITIONAL BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

13.     In addition, Liberty Home also bases its removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.

14.     Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action, which consists of a civil action between citizens of different states and in which the amount-in-controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

15.     Plaintiff alleges in the Complaint that she is a "resident and citizen of Ohio County, West Virginia." [Ex. A, ¶ 1.]

16.     Liberty Home is a Delaware limited liability company.[2] Liberty Home's members are David Moreno and Benjamin Joseph, both residents and citizens of the State of New York. [*See* Declaration of Benjamin Joseph, attached hereto as "**Exhibit C**".]

17.     Thus, there is complete diversity between the parties.

18.     The amount in controversy exceeds $75,000. Plaintiffs allege that she received "at least nine unsolicited telemarketing calls" and "eight marketing text messages" from Liberty Home. [Ex. A, ¶¶ 17, 25.] Plaintiff alleges that each call/text message constitutes a TCPA violation, and therefore she demands $1,500 per violation, or $25,500 total in Count I. [*Id.*, p. 7.] Plaintiff also alleges that each call/text message constitutes a WVCCPA violation, and therefore she demands $3,000 per violation, or $51,000 total in Count II. [*Id.*, p. 9.] Thus, in total, Plaintiff seeks $76,500 in damages.

VI.     **OTHER REMOVAL REQUIREMENTS**

---

[2] In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

20. In compliance with 28 U.S.C. §1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Ohio County, West Virginia, and served upon all adverse parties. A copy of such notice is attached hereto as "**Exhibit D**."

WHEREFORE, Liberty Home hereby removes this action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia.

Dated this 23rd day of August, 2023.

                                                Respectfully submitted,

*/s/ Stuart A. McMillan*
Stuart A. McMillan (WVSB #6532)
Grayson N. O'Saile (WVSB #14091)
Bowles Rice LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com
gosaile@bowlesrice.com

*Attorneys for Defendant*
*Liberty Home Guard, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**DIANA MEY,**

    **PLAINTIFF PRO-SE,**

                                                                       **5:23-CV-281 (Bailey/Mazzone)**

**V.**                                                          **CIVIL ACTION NO. _____**

**LIBERTY HOME GUARD, LLC,**

    **DEFENDANT.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **23rd day of August, 2023**, I filed Defendant's ***Notice of Removal***, via the Court's CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Diana L. Mey
        14 Applewood Drive
        Wheeling, West Virginia  26003
        diana_mey@comcast.net
        (304) 242-4327
        *Plaintiff Pro-Se*

                */s/ Stuart A. McMillan*_____
                Stuart A. McMillan (WVSB #6532)

16058878.1