IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**DIANA MEY**

      PLAINTIFF,

V.                                                        CIVIL ACTION NO. 5:23-CV-281

**LIBERTY HOME GUARD, LLC,**

      DEFENDANT.

### Diana Mey's Response to Motion for Protective Order

When Plaintiff Diana Mey was *pro se*, Defendant Liberty Home Guard and its counsel were perfectly happy to move forward with Wednesday's 30(b)(6) deposition. After all, Liberty had already stonewalled Ms. Mey in discovery, turning over a mere 13 pages in response to her requests for production. What risk could a 64-year-old retiree from Wheeling pose to Liberty's corporate representative in New York?

But for Liberty, something changed the moment Ms. Mey's counsel noticed an appearance. Within minutes, Liberty demanded the deposition be cancelled, and within hours, Liberty filed a motion for protective order.

It begs an obvious question: What did Liberty think it could get away with before Ms. Mey had a lawyer? Regardless, Liberty should not have waited until Ms. Mey was forced to hire a lawyer before respecting her rights and treating her claims seriously. The mere appearance of counsel—and a fair fight—is no good cause for protection from a long-scheduled deposition.

### Background

Diana Mey is a retired homemaker from Wheeling and a dedicated consumer advocate who has successfully prosecuted dozens of claims against illegal telemarketers in this Court and

around the country. Liberty is a New York company that uses unsolicited telemarketing to sell aftermarket appliance warranties. Ms. Mey's *pro se* complaint alleges that, in doing so, Liberty has violated numerous federal and West Virginia laws prohibiting abusive telemarketing.

On November 17, 2024, Ms. Mey filed a placeholder 30(b)(6) notice and emailed Liberty's counsel requesting dates for the deposition. Liberty ignored her requests, so on December 4, 2023, she unilaterally noticed the deposition for January 19, 2024. That finally got the attention of Liberty's attorneys, who responded immediately to demand a new date. Eventually, the parties agreed to conduct the deposition on January 31, 2024. See Def.'s Mot. at Exhibit 1.

In the intervening time, Ms. Mey served discovery on Liberty and attempted to engage in settlement negotiations. Liberty's lackluster response to Mey's discovery—just 13 pages produced and numerous improper objections—and lack of willingness to negotiate led her to conclude it was time to retain counsel.

On January 26, 2024, Ms. Mey engaged the law firm Hissam Forman Donovan Ritchie, PLLC, and attorneys Ryan Donovan and Andrew Robey noticed their appearances as counsel. Mr. Donovan also called Liberty's counsel to introduce himself and notify Liberty that he would be attending the 30(b)(6) deposition on Mey's behalf.

Immediately upon learning that Ms. Mey would be represented by counsel, Liberty's lawyer demanded that the 30(b)(6) deposition be cancelled, claiming that Mey had "changed the parameters" of the deposition by securing counsel to appear in person. Ms. Mey's counsel responded that Ms. Mey had never waived her right to appear in person, but had merely agreed that the parties could appear remotely if they so desired.

2

Liberty's counsel also complained that its client's office was not large enough to accommodate the physical presence of Ms. Mey's counsel at the deposition. In response, Ms. Mey's counsel quickly arranged for an alternate location just minutes from Liberty's corporate headquarters.

But that wasn't good enough. Liberty's motion for protective order followed.

## Argument

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under that standard, there is no good cause for prohibiting the deposition of Liberty's 30(b)(6) representative.

**First, Liberty chose to attend the deposition remotely, and it still can.** It was Liberty's counsel, not Mey, who first indicated that he had "no objection" to remote participation in the deposition. Ms. Mey, acting *pro se*, simply responded that remote participation "work[ed] for [her]." Def.'s Mot. at Exhibit 1. By agreeing to Liberty's suggestion, Mey never believed or represented that she was waiving her right to appear in person if she so chose. *See, e.g., Redmond v. Poseidon Pers. Servs., S.A.*, No. 09-2671, 2009 WL 3486385, at *3 (E.D. La. Oct. 23, 2009).

If Liberty's counsel chooses to attend remotely, the deposition can be conducted in accordance with the Rules of Civil Procedure, *just like hundreds of remote depositions are conducted with one or more parties appearing remotely every day.* The only "parameter" that has meaningfully changed is that Ms. Mey will now have counsel of her own. But the fact that Liberty wants more time to prepare now that Ms. Mey is represented is no reason to cancel the agreed-upon deposition.

**Second, if Liberty wishes to attend the deposition in person, it still can.** Liberty claims that it is unable to "arrange travel" to appear in person, but that is not true. On the same day that Liberty filed its motion for protective order, Ms. Mey's counsel (who is located in the same city) was able to immediately purchase airline tickets, book a hotel room, and secure a new location for the deposition. Multiple flights were, and are, available. American Airlines can even get Liberty's counsel there and back on the same day:



See Google Flights, CRW to LGA, available on January 28, 2024 at 11:15 p.m.

**Finally, though Liberty won't be prejudiced by going forward with the deposition, Ms. Mey will be unfairly prejudiced by its cancellation.** In reliance on the parties' agreement to the deposition, Ms. Mey's counsel has paid for airfare, secured a conference room, and booked non-refundable hotel accommodations.

More important than those expenses, however, is the fact that, with just two months remaining in the parties agreed-upon discovery schedule,[1] Ms. Mey has been unable to obtain any meaningful discovery at all from Liberty. Her requests for production yielded just 13-pages of documents, and Liberty took advantage of Ms. Mey's *pro se* status to refuse to provide

---

[1] Although no Scheduling Order has been entered, the parties' "Scheduling Order Checklist," submitted as an exhibit to the Rule 26(f) Report, calls for the close of discovery on March 29th, 2024.

responses to many of her interrogatories, hiding behind relevance objections that would not hold up any lawyers' scrutiny. As a result, a prompt, proper 30(b)(6) deposition is the only chance Ms. Mey will have to get the information that will allow her to obtain adequate discovery without extensions of time that will cause this case to linger needlessly on the Court's docket.

For the foregoing reasons, Ms. Mey respectfully requests that Liberty's motion for protective order be denied. Further, in light of the pending deposition, Ms. Mey requests that the Court consider Liberty's motion on an expedited basis. To that end and for the Court's convenience, a proposed order is attached as Exhibit A.

**DIANA MEY,**

By Counsel

/s/Ryan McCune Donovan
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on January 28, 2024, a true copy of the foregoing document was served upon all parties of record via ECF notification.

/s/ <em>Ryan McCune Donovan</em>