IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY

    Plaintiff,

v.                                                 Civil Action No. 5:23-cv-00281

LIBERTY HOME GUARD, LLC, and
BENJAMIN JOSEPH,

    Defendants.

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendant Liberty Home Guard, LLC, and Benjamin Joseph:

### PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

### PARTIES AND JURISDICTION

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

3. Defendant, Liberty Home Guard LLC, is a Delaware limited liability company that conducts business in the State of West Virginia.

1

4. Defendant Benjamin Jospeh is the founder and Chief Executive Officer of Liberty Home Guard, LLC. He resides in the State of New York.

5. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or have derived substantial revenue from products and services sold in West Virginia.

6. Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

7. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing calls to Plaintiff were received in this district

## OPERATIVE FACTS

8. Defendant Liberty Home Guard ("Liberty") is a home warranty company that sells warranty plans for home appliances and systems. To promote its services, Defendant engages in unsolicited marketing to consumers throughout the United States, including West Virginia.

9. To reach as many customers as possible over the telephone, Defendant relies on the use of automated tools to place "robocalls" and "robotext" messages that can reach thousands of potential customers en masse.

10. Plaintiff's telephone number (the "Number"), 304-242-XXXX, has been on the National Do Not Call Registry continuously since 2003.

11. The Number is assigned to a Voice over Internet Protocol (VoIP) telephone service that allows for calls to be placed over a broadband internet connection.

12. Plaintiff incurs costs of $0.008 for the provision of Caller ID information for each call or text placed to the Number, regardless of whether the call is answered.

13. Plaintiff incurs costs of $0.009 per minute for voice calls placed or received by the Number.

14. Plaintiff has never provided Defendant nor their agents express written consent to call or text her, nor does she have an established business relationship with Defendant.

15. Despite Plaintiff's registration on the National Do Not Call Registry, beginning February 10, 2022 and continuing through at least February 23, 2022 Defendants and/or their agents initiated at least nine unsolicited telemarketing calls to Plaintiff's wireless Number with the express intent of generating business for Liberty.

16. Thereafter, the Plaintiff contacted Liberty via the Customer Service email address, [service@libertyhomeguard.com](mailto:service@libertyhomeguard.com), listed on LibertyHomeGuard.com. Plaintiff notified Liberty that the Number is listed on the National Do Not Call Registry, that she believed the calls were illegal, and requested Defendant send her any evidence substantiating any claim that the calls she received were not illegal.

17. The Plaintiff received no response to this email. In fact, thereafter, beginning on March 10, 2022 and continuing until at least April 7, 2022, Plaintiff received eight marketing text messages from the Defendant to her Number, including this text message from Defendant on April 5, 2022:

    Geoff, get home warranty coverage starting at just $1/day!Sign up TODAY to receive: $200 OFF+ 2 FREE Bonus Months of Coverage+ Free Roof Leak Coverage Get Home Warranty coverage from America's #1 rated home warranty provider by U.S. News & World Report! Give us a call!(866) 288-3920 Learn more: https://www.libertyhomeguard.com/thebesthomewarranties/ STOP to end.



18. Benjamin Joseph, Liberty's CEO, admitted under oath that, "it was probably [him] that initiated the majority of those messages" and that "the vast majority" of calls and text messages Ms. Mey received from Liberty were "triggered by [him]."

19. Plaintiff never provided her consent or requested these calls or text messages.

20. The calls and text messages were not necessitated by any emergency.

21. Liberty contends that Mey's email informing Liberty that her Number was registered on the National Do Not Call Registry, and stating that she had nonetheless received illegal calls from Liberty, did not amount to revocation of

4

any consent purportedly given, and did not satisfy Liberty's policy for placing an individual on Liberty's internal Do Not Call List.

22. Plaintiff was harmed by these calls and text messages. She was temporarily deprived of legitimate use of her telephone and her privacy was improperly invaded. The Plaintiff was charged for the calls and texts. Moreover, they injured Plaintiff because they were frustrating, annoying, and disturbed the solitude of Plaintiff.

23. Plaintiff has never given Defendants or any of their agents express written consent to call her, nor does she have an established business relationship with any of them.

24. Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalf.

25. As such, Defendant is directly liable as to all Counts ascribed herein.

26. In the alternative, the acts complained of herein were carried out by agents operating for Defendant's benefit, or with actual, implied or apparent authority of Defendant, such that Defendant is vicariously liable as to all Counts ascribed herein.

27. In the alternative, Defendant ratified or accepted the benefits of the acts of their agents as described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

## CLASS ACTION ALLEGATIONS

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Mey sues on behalf of all other persons or entities similarly situated throughout the United States.

29. The class of persons Mey proposes to represent include: all residential telephone subscribers within the United States (a) who have registered his or her telephone number on the National Do Not Call Registry and (b) received more than one telephone call within any 12-month period by or on behalf of Defendants (c) at any time four years before the date this action was commenced through the date of class certification.

30. Excluded from the classes are Defendants, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of the judge's staff and immediate family.

31. The identities of proposed class members are ascertainable through the Defendants' phone records and customer databases.

32. To conduct telemarketing activities, Liberty employs software capable of coordinating hundreds or thousands of calls in a single day, and of sending mass text messages to thousands of consumers at a single time. Further, in purporting to obtain "consent" for these telephone solicitations, Defendants rely upon a web-based form that does not meet the requirements of the TCPA, and Defendants have demonstrated a practice of refusing to honor a

consumer's valid revocation of any consent purportedly given. As a result, potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

33. Mey is a member of the class and sustained the same injury as those in the putative class.

34. There are questions of law and fact common to Mey and to the proposed class, including but not limited to:

    a. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to residential telephone numbers on the do-not-call registry;

    b. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf obtained prior express written consent from the call recipients;

    c. Whether the violations of the TCPA were negligent, willful, or knowing; and

    d. Whether Mey and the class members are entitled to statutory damages against Defendants.

35. Mey's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

36. Mey will fairly and adequately represent the interests of the class. She is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. The actions of the Defendants are applicable to the class and to Mey.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

39. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

40. Mey is not aware of any class litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

41. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

42. The foregoing acts and omissions of the Defendants and/or their affiliates, agents, or other persons acting on Defendants' behalf constitute multiple violations of the TCPA.

43. Defendants violated the TCPA, either directly or through the actions of others, by initiating more than one telephone call to Plaintiff in a twelve-month period while her number was on the National Do Not Call registry. *See* 47 U.S.C. § 227(c).

44. Defendants further violated the TCPA, either directly or through the actions of others, by failing to clearly identify themselves during their calls with Plaintiff. *See* 47 C.F.R. § 64.1200 (d) (4).

45. Each of Defendant's actions, or those of agents operating on their behalf, were done willfully or knowingly.

46. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls or sending messages, except for emergency purposes, to any number listed on the National Do Not Call Registry.

47. The Defendant's violations were willful and/or knowing.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $1,500 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

### **COUNT II: VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT ("WVCCPA") – ABUSIVE ACTS OR PRACTICES**

48. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

49. Defendant and/or their agents are telemarketers as defined by W.Va. Code § 46A-6F-113.

9

50. Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

51. Defendant and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W.Va. Code § 46A-6F-104, § 46A-1-102 (47).

52. Defendant and/or their agents called and texted Plaintiff with the purpose of making telemarketing solicitations as defined by W.Va. Code § 46A-6F-112.

53. Defendant and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing.

54. Defendant and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound calls to Plaintiff when she previously indicated she did not want to receive such calls by registering her number on the national Do Not Call registry.

55. Defendant and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(5) because they engaged in other conduct which would be considered abusive to any reasonable consumer.

56. Each of Defendant's actions, or those of agents operating on their behalf, were done willfully or knowingly.

57. Accordingly, Plaintiff is entitled to relief from Defendant as prescribed by the penalties set forth in W.Va. Code § 46A-6F-701, including actual damages and

a penalty in an amount to be determined by the court of not less than one hundred dollars and not more than three thousand dollars per violation.

58. Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-701(e).

59. Plaintiff is entitled to, and reserves unto herself, all other remedies provided by law according to W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $3,000 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: August 9, 2024

**DIANA MEY**

By Counsel:

/s/     Ryan McCune Donovan
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com