# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

**DIANA MEY,**

    **PLAINTIFF,**

**V.**                                           **CIVIL ACTION NO. 5:23-CV-281**

**LIBERTY HOME GUARD, LLC, and**
**BENJAMIN JOSEPH,**

    **DEFENDANTS.**

## LIBERTY HOME GUARD, LLC AND BENJAMIN JOSEPH'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Liberty Home Guard, LLC ("Liberty") and Defendant Benjamin Joseph ("Mr. Joseph") (collectively "Defendants"), for their Answer to Plaintiff Diana Mey's ("Plaintiff") First Amended Class Action Complaint, admit, deny, and allege as follows:

1.    Defendants admit that Plaintiff brings causes of action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S. § 227 and the West Virginia Consumer Credit Protection Act, W. Va. Code § 46A-6F-501 and 601.  Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 1 of the Amended Complaint.

2.    Upon information and belief, Defendants admit the allegation in paragraph 2 of the Amended Complaint.

3.    Defendants admit the allegations in paragraph 3 of the Amended Complaint.

4.    Defendants admit that Benjamin Joseph is the co-founder and Chief Executive Officer of Liberty Home Guard, LLC.  Defendants admit that Benjamin Joseph resides in the State

of New York.

5. Defendants admit that Liberty conducts business in West Virginia by responding to inquiries for quotes from prospective customers. Defendants deny the remaining allegations in paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations in paragraph 6 of the Amended Complaint.

7. Upon information and belief, Defendants admit that venue is proper. Defendants lack knowledge or information sufficient to form a belief about the truth of whether Plaintiff received calls from Liberty in this district, as, upon information and belief, Plaintiff was in Florida at the time of the subject calls.

8. Defendants admit that Liberty is a home warranty company that sells warranty plans for home appliances and systems. Defendants admit that Liberty promotes its services to consumers across the United States, including in West Virginia. Defendants deny the remaining allegations in paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Upon information and belief, Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint.

14. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 14 of the Amended Complaint.

15. Defendants admit that Liberty called Plaintiff's VoIP phone number sometime between February 10, 2022 and February 23, 2022. Defendants deny the remaining allegations of paragraph 15 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

16. Defendants admit that Plaintiff sent an email to Liberty's email address service@libertyhomeguard.com making certain accusations against Liberty. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

17. Defendants admit that Liberty had texted Plaintiff sometime between March 10, 2022 and April 7, 2022, including a text message to Plaintiff on April 5, 2022. Defendants deny the remaining allegations of paragraph 17 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

18. Defendants admit that Mr. Joseph stated that he was the one that probably initiated the majority of the subject text messages. Defendants admit that Mr. Jospeh stated, in response to a compound question, that the vast majority of the subject calls and text messages were triggered by him. Defendants admit that the calls made to Plaintiff's VoIP phone number were initiated by independent contractors of Liberty.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations in paragraph 20 of the Amended Complaint.

21. Defendants admit Plaintiff's email failed to provide sufficient information as to determine whether Plaintiff's email constituted a phishing attack against Liberty, given that Plaintiff's name was not associated with Plaintiff's phone number in Liberty's system, as Geoff

Skadra had typed Plaintiff's phone number as his own when requesting a quote from Liberty. Defendants deny the remaining allegations in paragraph 21 of the Amended Complaint.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was charged for the subject calls and texts. Defendants deny the remaining allegations in paragraph 22 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Amended Complaint.

24. Defendants admit that Defendants called and texted Plaintiff's VoIP phone number. Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

25. Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26. Defendants admit that Defendants called and texted Plaintiff's VoIP phone number. Defendants deny the remaining allegations in paragraph 26 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

27. Defendants admit that Defendants called and texted Plaintiff's VoIP phone number. Defendants deny the remaining allegations in paragraph 27 of the Amended Complaint. Defendants deny any wrongdoing or liability for any alleged conduct and deny that Plaintiff is entitled to any damages.

28. Defendants deny that Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to sue on behalf of other persons or entities in this action.

29. Defendants admit that, based on this Amended Complaint, Plaintiff proposes to represent the proposed class of persons. Defendants deny that Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to sue on behalf of this proposed class. Defendants deny that this is an identifiable and proper class. Defendants deny any remaining allegations in paragraph 29 of the Amended Complaint.

30. Defendants admit that Plaintiff proposes to exclude such named entities from the proposed class. Defendants deny that Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to sue on behalf of this proposed class. Defendants deny that this is an identifiable and proper class. Defendants deny any remaining allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36. Defendants deny that Plaintiff will fairly and adequately represent the interests of the class. Defendants admit that counsel is a skilled and experienced practicing attorney and has represented clients in class actions, including TCPA class actions.

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that such proposed class members will likely not prosecute separate actions. Defendants deny that Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to sue

on behalf of this proposed class. Defendants deny that this is an identifiable and proper class.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of what Plaintiff is or is not aware. Defendants deny that Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to sue on behalf of this proposed class. Defendants deny that this is an identifiable and proper class.

41. Defendants incorporate by reference all prior responses to Plaintiff's Amended Complaint as if fully set forth herein.

42. Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants incorporate by reference all prior responses to Plaintiff's Amended Complaint as if fully set forth herein.

49. Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of the Amended Complaint.

60. Defendants deny any and all allegations of the Amended Complaint not expressly admitted or otherwise responded to herein.

**Affirmative and Additional Defenses**

For their separate and additional defenses, Defendants, without conceding whether they bear the burden of proof or persuasion as to any of them, allege as follows:

1. Defendants are not liable under the safe harbor provision provided by 47 CFR § 64.1200(c)(2).

2. Defendants are not liable under the safe harbor provision provided by W. Va. Code § 46A-6F-601(b).

3. Defendants are not liable under any other safe harbor provision provided by applicable federal or state law.

4. Plaintiff fails to state a claim upon which relief can be granted, including failing to plead facts supporting each element of each claim asserted against Defendants.

5. Plaintiff lacks standing to assert some or all of her claims against Defendants.

6. Plaintiff's claims are barred in whole or in part to the extent that the calls at issue were made in response to a consumer inquiry or request to be called.

7. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate her alleged damages.

8. Plaintiff's claims are barred in whole or in part because Plaintiff incurred no legally cognizable injury or damages (actual or otherwise).

9. Plaintiff's claims are barred in whole or in part because Plaintiff cannot prove any alleged injuries were proximately caused by Defendants.

10. Plaintiff's claims are barred in whole or in part because of estoppel and/or waiver.

11. Defendants' conduct, if found violative of the TCPA or the WVCCPA, was not willful or knowing, and statutory damages are not appropriate.

12. The imposition of statutory damages against Defendants would violate Defendants' right for protection against "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

13. Plaintiff knew of the purported acts or omissions she ascribes to Defendants in this action and was fully aware of her rights against Defendants in this action (if any), but she nevertheless inexcusably and unreasonably delayed in asserting those rights (if any), to the prejudice of Defendants. For this, and additional reasons, Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

14. Plaintiff has acted in bad faith in her dealings with, and conduct towards, Defendants.

15. At all times relevant herein, Defendants acted in good faith.

16. Plaintiff fails to meet the requirements under Federal Rule of Civil Procedure 23 and applicable case law to maintain a class action.

17. Plaintiff's claims are barred in whole or in part based on the contributory and/or comparative conduct of Plaintiff.

18. Plaintiff's damages, if any, are the result of a superseding/intervening cause for which Defendants bear no responsibility or liability.

19. Defendants reserve the right to assert additional defenses, including affirmative

defenses under Federal Rules of Civil Procedure 8, in the event discovery or further proceedings reveal they are appropriate and/or applicable.

## Prayer for Relief

**WHEREFORE**, Defendants Liberty Home Guard, LLC and Benjamin Joseph pray as follows:

A. That Plaintiff take nothing by way of her Amended Complaint, and that each claim asserted against Defendants be dismissed with prejudice;

B. That judgment be entered in favor of Defendants on all claims asserted against them;

C. That Defendants be awarded their costs and reasonable attorneys' fees incurred herein to the extent allowed by law; and

D. For such other and further relief as the Court deems just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Dated this 28th day of August, 2024.

    Respectfully submitted,

*/s/ Grayson N. O'Saile*_____
Stuart A. McMillan (WVSB #6532)
Grayson N. O'Saile (WVSB #14091)
Bowles Rice LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com
gosaile@bowlesrice.com
*Attorneys for Defendant*
*LIBERTY HOME GUARD, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

**DIANA MEY,**

      **PLAINTIFF,**

**V.**                                                 **CIVIL ACTION NO. 5:23-CV-281**

**LIBERTY HOME GUARD, LLC and,
BENJAMIN JOSEPH,**

      **DEFENDANTS.**

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on the **28th day of August, 2024**, I filed *Liberty Home Guard, LLC and Benjamin Joseph's Answer to Plaintiff's First Amended Class Action Complaint*, via the Court's CM/ECF Filing system, which will provide notification of such filing to all counsel of record as follows:

                Ryan M. Donovan, Esquire
                Andrew C. Robey, Esquire
          HISSAM FORMAN DONOVAN RITCHIE PLLC
                      P.O. Box 3983
              Charleston, West Virginia 25339
                    t: (681) 265-3802
                    f: (304) 982-8056
                rdonovan@hfdrlaw.com
                  arobey@hfdrlaw.com

                                            */s/ Grayson N. O'Saile*
                                            Grayson N. O'Saile (WVSB #14091)

17063966.1