# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DIANA MEY**,

    Plaintiff,

v.                                   **Civil Action No. 5:23-CV-281**
                                               Judge Bailey

**LIBERTY HOME GUARD, LLC** and
**BENJAMIN JOSEPH,**

    Defendants.

## ORDER

Pending before this Court is Plaintiff Diana Mey's Motion to Compel Class Discovery Responses [Doc. 53], filed December 18, 2024. Defendants filed a Response in Opposition [Doc. 55] on January 3, 2025. Plaintiff filed her Reply [Doc. 56] on January 11, 2025. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

## BACKGROUND

Plaintiff alleges that defendant Liberty Home Guard violated the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to her and thousands of others, despite their numbers being listed on the National Do Not Call Registry. *See* [Doc. 44]. Through her First Amended Class Action Complaint, plaintiff seeks to represent the following class:

> All residential telephone subscribers within the United States (a) who have registered his or her telephone number on the National Do Not Call Registry and (b) received more than one telephone call within any 12-month period by or on behalf of Defendants (c) at any time four years before the date this action was commenced through the date of class certification.

[Doc. 44 at ¶ 29].

After a period of individual discovery, including the deposition of defendant Liberty Home Guard's 30(b)(6) representative, plaintiff served her First Set of Class Action Discovery Requests. *See* [Doc. 53-1]. In response to plaintiff's discovery requests, defendant Liberty Home Guard objected to plaintiff's seven (7) interrogatories and two (2) requests for production of documents, in *toto*, asserting plaintiff's claims are factually unique and challenging her ability to serve as a class representative. [Id. at 1–5].

Plaintiff filed her Motion to Compel, requesting this Court to order defendant Liberty Home Guard to fully respond to her First Set of Class Action Discovery Requests. *See* [Doc. 53]. In support of her Motion, plaintiff argues defendant Liberty Home Guard's objections are without merit, and plaintiff's claims are "typical" of the class. [Id. at 1, 4–7]. Plaintiff further argues that discovery into defendant Liberty Home Guard's calling practices, call records, and consent policies is directly relevant to plaintiff's class allegations and necessary to demonstrate that defendant Liberty Home Guard's conduct was systematic, widespread, and uniform across the proposed class. [Id. at 1–2]. Plaintiff also asserts that the discovery requested is not unduly burdensome. [Id. at 8–9].

In Response, defendants argue plaintiff's discovery requests are not relevant because such discovery cannot help establish the propriety of plaintiff's proposed class.

[Doc. 55 at 1, 4–11]. Defendants state there are two (2) separate controversies present—plaintiff's claims will be focused on the wrong number claims[1] and defenses, whereas the class will be focused on the consent issue. [Id. at 7]. Defendants also argue that the discovery requests are unduly burdensome and not proportional to the needs of the case. [Id. at 11–13]. Defendants assert that, for example, to process the call detail records for one month "is estimated to be tens of thousands of dollars and hundreds of hours, resulting in the process for producing one month of records likely taking months to complete." [Id. at 12].

In Reply, plaintiff argues defendant Liberty Home Guard's "wrong number" defense should have no impact on class discovery. [Doc. 56 at 2]. Plaintiff also again argues that the discovery requests are not overly burdensome. [Id. at 5–7].

---

[1] In the Response, defendants state they were not trying to contact plaintiff but were trying to contract Geoff Skadra. [Doc. 55 at 5]. Defendants note that on or about February 10, 2022, defendant Liberty Home Guard received a request for a quote for its services from Mr. Skadra. *See* [Doc. 55-2]. Mr. Skadra provided a few pieces of personal information as part of his request, expecting to receive a quote from defendant Liberty Home Guard. *See* [id.]. Mr. Skadra provided his name, email address, and telephone number. [Id. at 1]. Mr. Skadra provided the phone number XXX-XXX-4327, which is plaintiff's number. [Id.].
Mr. Skadra's actual phone number is XXX-XXX-4237. [Doc. 55-3]. The "2" and "3" in the final four (4) digits of the phone number are transposed. Defendants argue that while defendants intended to contact Mr. Skadra, they accidentally contacted plaintiff. [Doc. 55 at 5]. Defendants also provide an Affidavit from Mr. Skadra, wherein Mr. Skadra states at "some point in the past, possibly on or about February 10, 2022, [he] provided certain personal information to either Liberty Home Guard, LLC, or a website that provides multiple quotes for home warranties from multiple companies." [Doc. 55-1 at ¶ 3]. Mr. Skadra also states he intended to utilize the phone number XXX-XXX-4237, but "may have accidentally" entered an incorrect phone number, XXX-XXX-4327, instead of his own. [Id. at ¶ 4–5].

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"[W]hen a discovery dispute is about information sought to identify a putative class, Rule 26 and Rule 23 must be read together to allow, within reason, discovery which might aid in satisfying the requirements for defining a class." ***Braxton Minerals, III, LLC v. Antero Resources Corp.***, 2024 WL 4575293, at *2 (N.D. W.Va. Oct. 24, 2024) (Aloi, M.J.).

"In order to obtain pre-certification discovery concerning class issues, the plaintiff must show that such discovery would be relevant to [her] future motion for class certification. Any class discovery must also be proportional to the needs of the case and bear some relationship to the claims of the named Plaintiff[s]." ***Dupres v. Houslanger & Assocs., PLLC***, 2021 WL 2373737, at *2 (E.D. N.Y. June 9, 2021) (citations and quotations omitted).

"The party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.  Thus, once the moving party has made a prima facie showing of discoverability, the resisting party has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought is of such marginal relevance that the potential harm ... would outweigh the ordinary presumption of broad discovery." ***Mumaw v. DNF Assocs., LLC***, 2023 WL 9103713, at *1 (N.D. W.Va. Nov. 17, 2023) (Trumble, M.J.) (citations and quotations omitted).

## DISCUSSION

### I.     Typicality Objection

In the objections to plaintiff's discovery requests, defendant Liberty Home Guard contends that the illegal calls and texts received by plaintiff were the fault of a third party, Geoff Skadra, who allegedly mistakenly typed the number, transposing two (2) numbers and inputting plaintiff's phone number instead.  *See* [Doc. 53-1 at 1–2].   Based on this theory, defendant Liberty Home Guard argues that plaintiff is not typical of the class she seeks to represent, and can only represent a class comprised of—and obtain discovery related to—individuals whose claims arose from precisely the same kind of data entry error.

It is true, pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of a representative party must be "typical of the claims . . . of the class."  However, courts have consistently held that a representative's claims need not be "perfectly identical" to the class claims.  *See, e.g.*, ***Kingery v. Quicken Loans, Inc.***, 300 F.R.D. 258, 265–66 (S.D. W.Va. 2014) (Goodwin, J.) (holding plaintiff's claim "need only share essential characteristics with

the class claims.  Factual variation defeats typicality only when 'the variation strikes at the heart of the respective causes of action.'").

"Typicality refers to the nature of the claim of the class representative and *not to the specific facts from which it arose or to the relief sought*."  **Braver v. Northstar Alarm Services, LLC**, 329 F.R.D. 320, 329 (W.D. Okla. 2018) (emphasis added).  In a TCPA class action, the typicality requirement is satisfied when "both [plaintiff] and the putative class receive[ ] more than one telephone solicitation . . . from Defendants in a twelve-month period after placing their numbers on the national do-not-call registry."  **Hand v. Beach Entertainment KC, LLC**, 456 F.Supp.3d 1099, 1041 (W.D. Mo. 2020); *see also* **Mey v. Venture Data, LLC**, 2017 WL 10398569, at *7 (N.D. W.Va. June 6, 2017) (Bailey, J.) (certifying TCPA class action and concluding "[a] sufficient nexus is established [to show typicality] if the claims or defenses of the class and class representatives arise from the same event or pattern or practice and are based on the same legal theory").

Despite the allegedly unusual circumstances through which defendant Liberty Home Guard claims it obtained plaintiff's phone number, her claim arises from the same course of conduct—defendant Liberty Home Guard's unsolicited telemarketing to individuals on the Do Not Call Registry—and asserts the same legal and remedial theory (violation of 47 U.S.C. § 227(c)) as the members of the proposed class.

Because this Court finds plaintiff's claims are typical of the claims of the proposed class, it follows that the class discovery requests are relevant.  This Court has frequently relied on a defendant's call detail records, produced in discovery and reviewed by plaintiff's expert, to assess both the propriety of class certification and the merits of the class claims.

*See, e.g.*, **Vance v. DirecTV, LLC**, 2022 WL 3044653, at *2 (N.D. W.Va. Aug. 1, 2022) (Bailey, J.); *see also* **Krakauer v. Dish Network, L.L.C.**, 311 F.R.D. 384, 390 (M.D. N.C. 2015) (Eagles, J.), *aff'd* 925 F.3d 643 (4th Cir. 2019) (relying on defendant's call records, produced in discovery, to assess requirements of class certification).

This Court finds that plaintiff's claim arises from the same course of conduct—defendant Liberty Home Guard's unsolicited telemarketing to individuals on the Do Not Call Registry—and asserts the same legal and remedial theory as the members of the proposed class. Because of this, plaintiff is entitled to receive the discovery outlined in her First Set of Class Action Discovery Requests.

## II.   Burdensome Objection

Defendants also argue that plaintiff's discovery requests are unduly burdensome and not proportional to the needs of the case. [Doc. 55 at 11–13]. Defendants assert there is a "major difference between producing internal records of communications for one person versus producing call detail records for all telephone solicitations made across the entire country for a period of five years." [Id. at 11]. As noted, *supra*, this Court must balance the significance of the evidence requested against the burden imposed in producing it.

An objecting party "has an obligation to show specifically why responding to the request would create a burden. . . ." **Patrick v. Teays Valley Trustees, LLC**, 297 F.R.D. 248 (N.D. W.Va. 2013) (Seibert, M.J.). Defendants submit the following information regarding the purported burden they face:

> The call detail records Ms. Mey seeks are stored in third-party servers, likely in a proprietary file format. *Joseph Aff.* at ¶ 1, attached as Exhibit 5. Such records likely contain millions of calls, and retrieving the records would require Defendants to hire an individual externally, namely an individual who has access to the third-party servers, to retrieve the records. Ex. 5 at ¶¶ 2–3. Since it is unknown exactly what format and information is contained within the call details records, to determine the information Ms. Mey seeks regarding these records would require Defendants to hire an individual internally to manually review the records and cross-reference the records against Liberty's internal records. Ex. 5 at ¶¶ 5–6. The expense and time of this process for one month of call detail records is estimated to be tens of thousands of dollars and hundreds of hours, resulting in the process for producing one month of records likely taking months to complete. Ex. 5 at ¶ 7. Larger productions would necessarily require even more time and expense. Ex. 5 at ¶ 7.

[Doc. 55 at 12]. Defendants argue such a costly production is not proportional to the needs of the case. [Id.].

The significance of the evidence at issue weighs heavily in plaintiff's favor. Call detail records, which are in a defendant's sole possession, are critical both in identifying class members and establishing key elements of the class claims, primarily the number of calls made and whether the numbers called were on the Do Not Call Registry. This Court has consistently recognized the significance of such call records in ruling on motions for

class certification. *See, e.g.*, **Vance**, 2022 WL 3044653, at *3; **Venture Data, LLC**, 2017 WL 10398569, at *6–14.

Such records are the only sources of evidence available related to numerous critical issues in this case, including but not limited to (1) the identities of class members; (2) whether class members received telephone solicitations while registered on the Do Not Call Registry, and if so, how many; (3) whether defendant Liberty Home Guard had an "existing business relationship" with any members of the class; (4) whether defendant Liberty Home Guard placed telephone solicitations to individuals on its Internal Do Not Call Registry; (5) whether defendant Liberty Home Guard's "consent" forms comply with applicable regulations; and (6) the identity or identities of any third parties involved in defendant Liberty Home Guard's outbound calling activities.

This Court finds that plaintiff's discovery requests are not overly burdensome. Call detail records are the single most important source of evidence in a TCPA class action. Call detail records will be significant in this Court ruling on plaintiff's motion for class certification.

## CONCLUSION

Upon consideration of the briefing and applicable law discussed herein, this Court **GRANTS** Plaintiff Diana Mey's Motion to Compel Class Discovery Responses [**Doc. 53**]. Defendant Liberty Home Guard is hereby **ORDERED** to fully respond to plaintiff's First Set of Class Action Discovery Requests.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** January 16, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE